# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARTIN T. WILLIAMS**
    **Petitioner-Defendant,**

    v.                                  **Case No. 12-C-0456**
                                               **(Criminal Case No. 08-CR-303)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff**

## RULE 4 ORDER

Petitioner Martin T. Williams moves pursuant to 28 U.S.C. § 2255 to vacate his 46 month sentence for felon in possession of a firearm. For the reasons that follow, I deny his motion and dismiss this action.

## I. BACKGROUND

On November 13, 2008, the government charged petitioner in a single count indictment with unlawful possession of a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1). On February 11, 2009, petitioner appeared before a magistrate judge in this district pursuant to a writ of habeas corpus ad prosequendum, entered a plea of not guilty, and was returned to state custody with a federal detainer. On June 30, 2009, he appeared before me and entered a plea of guilty to the indictment pursuant to an agreement with the government.

At petitioner's December 14, 2009 sentencing hearing, I adopted the guideline calculations in the pre-sentence report ("PSR") without objection: offense level 21, criminal history category III, and imprisonment range 46-57 months. Petitioner was at the time serving a 4 year state revocation sentence, with a projected release date of January 5, 2012. I imposed a sentence of 46 months, with 16 months running concurrently and 30 months running

consecutively to the state term. Petitioner took no appeal.

On November 16, 2011, petitioner filed a letter-request seeking modification of his federal sentence to make it entirely concurrent with the state term. Petitioner provided no authority for his request, which I dismissed for lack of jurisdiction on December 1, 2011. See 18 U.S.C. § 3582(c); United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000).

On February 23, 2012, petitioner filed a request for the sentencing transcript so that he could initiate an action under 28 U.S.C. § 2255. I noted that, pursuant to 28 U.S.C. § 753(f), an indigent prisoner may obtain preparation of transcripts in a § 2255 action, but that the prisoner must first file the § 2255 motion before the court will consider whether preparation of transcripts is necessary. See, e.g., United States v. Horvath, 157 F.3d 131, 132-33 (2d Cir. 1998) (collecting cases); United States v. Bumpus, 125 F. Supp. 2d 190, 191-92 (S.D. W. Va. 2001). Because petitioner had not yet filed a § 2255 motion, he was not eligible for preparation of the transcript he requested. Nor did he provide any explanation as to why the transcript was needed to decide any issue in his prospective § 2255 action. I therefore denied the request in an order dated March 1, 2012.[1] On May 7, 2012, petitioner filed the instant motion, in which he argues that his trial counsel provided ineffective assistance at sentencing.

## II. DISCUSSION

**A.     Applicable Legal Standards**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the

---

[1]It appears from the docket that petitioner subsequently obtained the transcript from the court reporter. However, he does not cite to it in his motion or supporting memorandum.

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, or if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

In order to prevail on an ineffective assistance claim, the petitioner must show (1) that his attorney's performance was objectively deficient, and (2) that he was prejudiced by the sub-par representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court's review of a lawyer's performance is highly deferential, and the petitioner must identify specific acts or omissions of his counsel that fell outside the wide range of professionally competent assistance. Hutchings v. United States, 618 F.3d 693, 697 (7th Cir. 2010). To demonstrate prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

**B.    Analysis**

Petitioner first states that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) when imposing sentence, and that a defendant has a constitutional right to

3

be sentenced based on accurate information. Both are correct statements of the law, but petitioner fails to relate them to his case. He contends:

> It is clear that there was inaccurate information [contained] within the PSR as to Petitioner's background, character, and conduct that his trial counsel never challenged. Therefore, because of this ineffectiveness, this Court was not fully aware of the facts and thus, was unable to properly consider § 3553(a) factors accordingly.

(R. 2 at 7.) However, petitioner fails to identify any allegedly inaccurate information; nor does he explain how I relied on such information or how my consideration of the § 3553(a) factors was otherwise flawed. Absent specifics, an ineffective assistance claim may be denied without a hearing. See Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).

Second, following a lengthy discussion of guideline departure law, petitioner contends that his lawyer was ineffective for failing to request a downward departure for diminished capacity. However, he provides no specifics regarding whether he qualified for such a departure. Indeed, aside from alleging ineffectiveness in the heading of this section of his brief, he says nothing at all about his case, offering only general statements of the law. See United States v. Farr, 297 F.3d 651, 658 (7th Cir. 2002) (holding that vague and general allegations will not suffice).

Finally, petitioner argues that counsel was ineffective for failing to request completely concurrent sentences. As with the previous argument, however, he provides no specifics in support of his claim, which again appears only in the heading.[2] See United States v. Manjarrez, 258 F.3d 618, 626 n.4 (7th Cir. 2001) (stating that perfunctory and undeveloped

---

[2] At petitioner's sentencing, I acknowledged my discretion to impose a concurrent federal term but found, based on the factors in 18 U.S.C. §§ 3553(a) & 3584, that a partially consecutive term was necessary to satisfy the purposes of sentencing.

4

arguments are waived). At the end of this section of his brief, petitioner states that even though the court ordered his "sentence to run [partially] concurrent with his undischarged state sentence, the Bureau of Prisons is not giving him full credit as ordered by this Court at the time sentence was imposed." (R. 2 at 21.) Challenges to the manner in which the BOP executes a sentence are properly brought under 28 U.S.C. § 2241 in the district of confinement, rather than under § 2255 in the sentencing court. See Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998).

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin this 16th day of May, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5